**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAS VEGAS SANDS CORP., a Nevada corporation,

Plaintiff,

v.

UNKNOWN REGISTRANTS OF www.wn0000.com, www.wn1111.com, www.wn2222.com, www.wn3333.com, www.wn4444.com, www.wn5555.com, www.wn6666.com, www.wn7777.com, www.wn8888.com, www.wn9999.com, www.112211.com, www.4456888.com, www.4489888.com, www.001148.com, and www.2289888.com,

Defendants.

Case No.: 2:15-cv-02341-APG-NJK

**PRELIMINARY INJUNCTION**

(Dkt. #3)

I previously entered a temporary restraining order in this case. (Dkt. #8.) Plaintiff Las Vegas Sands Corp. ("Las Vegas Sands") seeks to convert that into TRO a preliminary injunction. (Dkt. #3.) I conducted a hearing on that request on December 17, 2015. Las Vegas Sands served the relevant papers and notice of the hearing on the defendants as permitted by my prior order allowing service by alternate means. (Dkt. ##9, 12.) I have considered the motion and related papers and find compelling reasons and good cause to enter this preliminary injunction.

**I HEREBY FIND THAT**:

1. As a result of its longstanding and prominent use of the VENETIAN trademark in commerce in connection with the Venetian Properties, Las Vegas Sands has developed common law trademark rights in the VENETIAN trademark.

2. In addition to its common law rights, Las Vegas Sands owns trademark registrations for the VENETIAN trademark worldwide. In the United States, Las Vegas Sands' federal trademark registrations include, among others, the following:

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
| THE VENETIAN | 2,507,362 | 5/4/1999 | Casino and gaming services; providing casino and gaming facilities; entertainment, namely, live musical performances, |

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
| | | | theatrical productions and comedy productions; health clubs; [ amusement centers and arcades; ] providing casino [ and gaming ] services by means of web sites and a global computer network |
| THE VENETIAN RESORT HOTEL CASINO | 2,350,633 | 5/4/1999 | Casino and gaming services; gaming facilities; entertainment, namely, live musical performances, theatrical productions and comedy; sporting events; health clubs; amusement centers and arcades; providing casino and gaming services by means of web sites and a global computer network |
| VENETIAN | 2,507,363 | 5/4/1999 | Casino and gaming services; providing casino and gaming facilities; entertainment, namely, live musical performances, theatrical productions and comedy productions; health clubs; amusement centers and arcades; providing casino and gaming services by means of web sites and a global computer network |

(Las Vegas Sands' federal trademark registrations and common law rights shall be collectively referred to as the "VENETIAN Mark").

3. Las Vegas Sands also owns federal trademark registrations for the following design marks, for use in connection with, among others, "casino and gaming services":




Reg. No. 2,352,455




Reg. No. 2,655,917

(collectively, "the VENETIAN Design Mark").

4. Based on its federal trademark registrations and its longstanding and exclusive use of the VENETIAN Mark and the VENETIAN Design Mark, Las Vegas Sands owns the exclusive right to use the VENETIAN Mark and the VENETIAN Design Mark in commerce.

5. The VENETIAN Mark and the VENETIAN Design Mark have become distinctive and famous in the United States for, among other services, casino and gaming services.

6. The defendants in this case have set up a network of Internet websites that are accessible to U.S. citizens that are designed to drive Internet users to one or more online casinos.

7. The infringing websites appear at the following Internet locations: www.wn0000.com, www.wn1111.com, www.wn2222.com, www.wn3333.com, www.wn4444.com, www.wn5555.com, www.wn6666.com, www.wn7777.com, www.wn8888.com, www.wn9999.com, www.112211.com, www.4456888.com, www.4489888.com, www.001148.com, and www.2289888.com (collectively, the "Domains"). GoDaddy is the registrar of each Domain.

8. The first ten Domains (*i.e.*, www.wn0000.com, www.wn1111.com, www.wn2222.com, www.wn3333.com, www.wn4444.com, www.wn5555.com, www.wn6666.com, www.wn7777.com, www.wn8888.com, and www.wn9999.com) display a webpage featuring and operating an identical online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands. Apparently to mislead customers, the webpage prominently features the VENETIAN Design Mark at the top, left-hand, corner of the page.

9. The remaining five Domains (*i.e.*, www.112211.com, www.4456888.com, www.4489888.com, www.001148.com, and www.2289888.com) display a webpage featuring and operating another identical online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands. Apparently to mislead customers, the webpage prominently features the VENETIAN Mark and the VENETIAN Design Mark at the top, center, of the page.

10. Las Vegas Sands has not consented to, approved of, or authorized the defendants' use of the VENETIAN Mark or the VENETIAN Design Mark in connection with the Domains.

11. Las Vegas Sands will suffer irreparable injury to its valuable trademarks and associated goodwill if the defendants are not enjoined from transferring the following domain names to domain name registrars located outside the Court's jurisdiction, or from transferring the registrations for the following domain names to other persons or entities located outside the Court's jurisdiction: www.wn0000.com, www.wn1111.com, www.wn2222.com,

www.wn3333.com, www.wn4444.com, www.wn5555.com, www.wn6666.com, www.wn7777.com, www.wn8888.com, www.wn9999.com, www.112211.com, www.4456888.com, www.4489888.com, www.001148.com, and www.2289888.com.

12. For instance, as a result of the defendants' exploitation of Las Vegas Sands' trademarks without Las Vegas Sands' consent, Las Vegas Sands has lost control over the VENETIAN Mark and the VENETIAN Design Mark. This loss of control over its goodwill and reputation is irreparable and Las Vegas Sands cannot be adequately compensated by an award of money damages alone. As set forth above, the defendants are operating Internet casinos that are accessible to consumers located in the United States using identical versions of the VENETIAN Mark and the VENETIAN Design Mark used by Las Vegas Sands. In addition, both Las Vegas Sands and the defendants are providing the same services under the VENETIAN Mark and the VENETIAN Design Mark.

13. Moreover, the defendants are creating the perception that Las Vegas Sands has approved of, authorized, affiliated itself with, or sponsored the defendants' online gambling services when in fact it has not. Las Vegas Sands publicly opposes Internet gambling and has formed the Coalition to Stop Internet Gambling, an advocacy group dedicated to preventing the proliferation of Internet gambling. Las Vegas Sands and the Coalition to Stop Internet Gambling are opposed to the proliferation of online gambling. The defendants' use of the VENETIAN Mark and the VENETIAN Design Mark on the homepages of their online casinos, even though unauthorized by Las Vegas Sands, affects Las Vegas Sands' credibility and threatens to interfere with Las Vegas Sands' and the Coalition to Stop Internet Gambling's efforts to stop the proliferation of Internet gambling. This harm cannot be quantified or adequately redressed by an award of money damages, and therefore is irreparable.

14. The injuries Las Vegas Sands has suffered—namely, injury to its reputation and the interference with its efforts to stop the proliferation of Internet gambling—are injuries that cannot be measured or compensated for by an award of money damages, and, therefore, are irreparable and will continue in the absence of injunctive relief.

15. Las Vegas Sands is likely to succeed on the merits of its Lanham Act claims for

trademark infringement and false designation of origin, brought pursuant to 15 U.S.C. §§ 1114(a) and 1125(a)(1)(A), respectively.

16. The balance of hardships tips in Las Vegas Sands' favor because a preliminary injunction would merely place the Domains on hold and lock, and the failure to issue a preliminary injunction would cause Las Vegas Sands to suffer additional irreparable injury and incur additional expense if the Domains are transferred to other registrars or registrants outside of the Court's jurisdiction during the pendency of this action, requiring Las Vegas Sands to file additional lawsuits in other jurisdictions.

17. The issuance of a preliminary injunction is in the public interest because it would protect consumers against deception and confusion arising from the use of Las Vegas Sands' federally registered trademarks by persons other than Las Vegas Sands.

18. The defendants will suffer minimal damage, if any damage at all, by the issuance of a preliminary injunction. Therefore, the $100 bond previously deposited as security for the TRO shall remain on deposit as reasonable security for this preliminary injunction.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

1. GoDaddy.com, LLC and Domains By Proxy, LLC (the domain name registrar) shall immediately remove or disable the domain name server information for the Domains, and shall place the domain names on hold and lock pending further order of the Court.

2. The defendants and all other persons acting in concert or participation with the defendants are hereby enjoined from: (a) using the VENETIAN Mark or the VENETIAN Design Mark or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, on any website, in any domain name (including, without limitation, in the Domains), in any social network user name, in any hidden website text, or in any website metatag; and (b) engaging in false or misleading advertising or commercial activities likely to deceive consumers into believing that any defendant is Las Vegas Sands or that any defendant's services are associated or affiliated with, connected to, approved by, or sponsored by Las Vegas Sands.

////

3. The $100 bond previously deposited by Las Vegas Sands shall remain with the Clerk of the Court as security for this preliminary injunction.

ENTERED: this 17th day of December, 2015 at 10:35 a.m.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE